**STATE v. WEBB**

[227 N.C. App. 205 (2013)]

STATE OF NORTH CAROLINA
v.
LEDONTA WEBB

No. COA12-1268

Filed 7 May 2013

**Probation and Parole—activation of sentence—substitution of counsel—failure to show prejudice**

The trial court did not err by allowing an attorney to represent defendant at a probation revocation hearing even though he was not the attorney appointed to represent defendant. Defendant did not provide any reasonable possibility that the result of his hearing would have been different had the trial court followed the statutory mandate and either made the proper findings in open court or refused to allow the substitute attorney to represent defendant.

Appeal by defendant from judgment entered 16 April 2012 by Judge Benjamin G. Alford in Craven County Superior Court. Heard in the Court of Appeals 27 February 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Andrew O. Furuseth, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Mary Cook, for defendant.*

HUNTER, JR., Robert N., Judge.

Ledonta Webb ("Defendant") appeals from judgments revoking his probation and activating his sentences. Defendant argues that the trial court erred in allowing an attorney to represent Defendant at the probation revocation hearing because that attorney was not the attorney appointed to represent Defendant. We find no prejudicial error.

**I. Procedural History**

On 15 October 2008, Defendant pled guilty to one count of possession of stolen goods and two counts of common law robbery. One of the counts of common law robbery was consolidated with the possession of stolen goods charge, and Defendant was sentenced to two consecutive sentences of 13-16 months imprisonment each. Those sentences were suspended and Defendant was placed on supervised probation for 36

months with special probation conditions. Defendant's probation was modified several times. The modifications included an extension of the term of probation to include 24 additional months.

On 23 January 2012, violation reports were filed alleging violations of the conditions of Defendant's probation. The reports were partially based on Defendant's guilty plea for possession of a firearm by a felon on 20 December 2011 in Craven County Superior Court. On 19 March 2012, Kelly Greene was appointed as counsel for Defendant. A probation revocation hearing was held on 16 April 2012 before Judge Benjamin G. Alford in Craven County Superior Court.

At the hearing, Tom Wilson represented Defendant. Mr. Wilson requested a continuance because Defendant was hoping "that his federal attorney might be able to work out something along the line with his probation." Defendant's motion to continue was denied. Mr. Wilson then said that "having spoken with my client, reviewed the violations and as to the condition number two where [Defendant] acknowledges he has pled guilty to felony possession of a firearm, we'd be admitting to that."

The following exchange then occurred:

THE COURT: Are you appointed?

MR. WILSON: Two hours in the case.

THE COURT: Mr. Webb, I'm inclined to assess the value of your lawyer's legal services at 120 dollars. Do you think that's fair?

DEFENDANT: Yes.

THE COURT: Anything you want to tell me sir?

DEFENDANT: . . . I got two, 13-16 months sentences, I would ask if they can be ran concurrents [sic].

On 16 April 2012, judgments were entered finding Defendant had violated his probation and activating both 13-16 month sentences to run consecutively. As Defendant appeals from the final judgment of a superior court, an appeal lies of right with this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2011).

Defendant filed a *pro se* written notice of appeal on 19 April 2012. On 22 October 2012, after the filing of the Record on Appeal in the present case, Defendant filed a petition for writ of certiorari as his notice of appeal was technically deficient. We grant Defendant's petition for writ of certiorari and proceed on the merits of the case.

## II. Analysis

Defendant argues that Mr. Wilson was not appointed to represent Defendant and that the trial court did not make necessary findings in open court regarding a substitute attorney. For the following reasons, we find that any error by the trial court was not prejudicial.

Our General Statutes state that "counsel shall be appointed in accordance with rules adopted by the Office of Indigent Defense Services [("IDS")]." N.C. Gen. Stat. § 7A-452(a) (2011). Rule 1.5(d)(2) of the Rules of the Commission on Indigent Defense Services states:

> The attorney named in the appointment order shall not delegate to another attorney any material responsibilities to the client, including representation at critical stages of the case, unless the court finds in open court that the substitute attorney practices in the same law firm as the appointed attorney and is on the list of attorneys who are eligible for appointment to the particular case, that the client and the substitute attorney both consent to the delegation, and that the delegation is in the best interests of the client.

IDS Rule 1.5(d)(2) (2011).

Since there were no findings in open court regarding Mr. Wilson's ability to serve as Defendant's lawyer, Defendant contends that the trial court failed to follow the statute requiring appointment of counsel pursuant to IDS Rules and that Defendant should therefore be granted a new probation revocation hearing.

" 'When a trial court acts contrary to a statutory mandate, the defendant's right to appeal is preserved despite the defendant's failure to object during trial.' " *State v. Braxton*, 352 N.C. 158, 177, 531 S.E.2d 428, 439 (2000) (quoting *State v. Lawrence*, 352 N.C. 1, 13, 530 S.E.2d 807, 815 (2000)), *cert. denied*, 531 U.S. 1130 (2001); *see also State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985) ("[W]hen a trial court acts contrary to a statutory mandate and a defendant is prejudiced thereby, the right to appeal the court's action is preserved, notwithstanding [the] defendant's failure to object at trial."). "However, a new trial does not necessarily follow a violation of statutory mandate. Defendants must show not only that a statutory violation occurred, but also that they were prejudiced by this violation." *State v. Love*, 177 N.C. App. 614, 623, 630 S.E.2d 234, 240—41 (2006).

Defendant argues that there is no need to show prejudice because his argument is a constitutional argument. *See* N.C. Gen. Stat. § 15A-1443(b) (2011) ("A violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt."). However, Defendant's argument is clearly statutory in nature.

Defendant did not reference either the U.S. Constitution or the N.C. Constitution in his initial brief. In his reply brief, Defendant makes a limited constitutional argument regarding Defendant's right to counsel before returning to the statutory argument. Defendant's constitutional right to counsel is not at issue in the present case. Defendant had counsel for his hearing and does not allege that he received ineffective assistance of counsel. He only alleges that the statutory requirements for substitution of counsel were not met. The argument, therefore, is a statutory argument, and Defendant must demonstrate prejudice. *See* N.C. Gen. Stat. § 15A-1443(a) (2011) (stating that prejudice occurs "when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial").

Defendant violated the terms of his probation by pleading guilty to possession of a firearm by a felon. Defendant did not dispute this guilty plea at his hearing and does not dispute it before this Court. The trial court directly addressed Defendant at the hearing, explicitly asking him about Mr. Wilson's fees and whether he had anything else to tell the trial court. Defendant said that he would like his sentences to run concurrently, but never expressed any dissatisfaction with Mr. Wilson or even confusion over the substitution of counsel. Defendant does not provide any reasonable possibility that the result of his hearing would have been different had the trial court followed the statutory mandate and either made the proper findings in open court or refused to allow Mr. Wilson to represent Defendant. Thus, the trial court did not commit prejudicial error.

### III. Conclusion

For the foregoing reasons, we find

NO ERROR.

Judges STEELMAN and GEER concur.